# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS SCOTT,<br><br>                      Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security Administration,<br><br>                      Defendant. | Case No.: 18-CV-0979 W (BGS)<br><br>**ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS [DOC. 2]** |

    On May 18, 2018, Plaintiff Curtis Scott commenced this action against Nancy A. Berryhill, as Acting Commissioner of the Social Security Administration, for judicial review of a final administrative decision denying his application for Supplemental Security Income benefits and Social Security Disability Insurance benefits. Along with the complaint, Plaintiff filed a motion to proceed in forma pauperis ("IFP").

    The determination of indigency falls within the district court's discretion. California Men's Colony v. Rowland, 939 F.2d 854, 858 (9th Cir. 1991), reversed on other grounds, 506 U.S. 194 (1993) ("Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency.").

It is well-settled that a party need not be completely destitute to proceed in forma pauperis. Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339-40 (1948). To satisfy the requirements of 28 U.S.C. § 1915(a), "an affidavit [of poverty] is sufficient which states that one cannot because of his poverty pay or give security for costs ... and still be able to provide himself and dependents with the necessities of life." Id. at 339. At the same time, however, "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense,... the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." Temple v. Ellerthorpe, 586 F.Supp. 848, 850 (D.R.I. 1984).

District courts, therefore, tend to reject IFP applications where the applicant can pay the filing fee with acceptable sacrifice to other expenses. See, e.g., Stehouwer v. Hennessey, 851 F.Supp. 316, (N.D.Cal. 1994), vacated in part on other grounds, Olivares v. Marshall, 59 F.3d 109 (9th Cir. 1995) (finding that district court did not abuse discretion in requiring partial fee payment from prisoner with $14.61 monthly salary and $110 per month from family); Allen v. Kelly, 1995 WL 396860 at *2 (N.D. Cal. 1995) (Plaintiff initially permitted to proceed in forma pauperis, later required to pay $120 filing fee out of $900 settlement proceeds); Ali v. Cuyler, 547 F.Supp. 129, 130 (E.D. Pa. 1982) (in forma pauperis application denied: "plaintiff possessed savings of $450 and the magistrate correctly determined that this amount was more than sufficient to allow the plaintiff to pay the filing fee in this action."). Moreover, the facts as to the affiant's poverty must be stated "with some particularity, definiteness, and certainty." United States v. McQuade, 647 F.2d 938, 940 (9th Cir. 1981).

Having read and considered the papers submitted, the Court finds that Plaintiff does not meet the requirements for IFP status under 28 U.S.C. § 1915. According to his application, Plaintiff receives $3,084 a month in disability benefits from the VA, which this Court understands are not subject to federal income taxes. (*IFP App.* [Doc. 2] ¶ 3.) Plaintiff also has a bank account with $1,000 balance, an IRA with a $9,000 balance, and appears to owns his 4-year old vehicle. (*Id*. ¶¶ 4, 5, 6.) As for debts, Plaintiff identifies a monthly mortgage is $1,567, and $330 a month he pays towards a credit card balance

2

made up of medical bills. (*Id.* ¶¶ 7, 9.) He also indicates that he is responsible for monthly utility expenses, but does not identify the amount. (*Id.* ¶ 7.)

Based on this information, Plaintiff does not meet the standard of establishing that he "cannot because of his poverty pay or give security for costs ... and still be able to provide himself… with the necessities of life." Adkins, 335 U.S. at 339. Accordingly, the Court **DENIES** Plaintiff's motion to proceed IFP [Doc. 2] and **DISMISSES** the Complaint. Plaintiff shall have until **June 8, 2018** to reinstate this case by paying the filing fee.

**IT IS SO ORDERED**.

Dated: May 25, 2018

_____
Hon. Thomas J. Whelan
United States District Judge